# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

MICHAEL W. PEACOCK and DELICIA S. PEACOCK,

Plaintiffs,

v.

BANK OF AMERICA CORPORATION, COUNTRYWIDE HOME LOANS, INC. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,

Defendants.

Civil Action No. 7:10-CV-00011 (HL)

## ORDER

Before the Court is the Defendants Bank of America Corporation and Countrywide Home Loans, Inc.'s (hereinafter together "the Defendants") motion to dismiss their counterclaim against the Plaintiffs without prejudice (Doc. 43). The motion is granted.

## I.  BACKGROUND

On February 4, 2010, the Plaintiffs' complaint was removed to this Court from the Superior Court of Colquitt County (Doc. 1). On February 11, 2010, the Defendants answered the Plaintiffs' complaint and asserted a counterclaim of their own (Doc. 7). The Plaintiffs then answered the Defendants' counterclaim on February 19, 2010 (Doc. 11). Subsequently, the Defendants brought this motion to dismiss the counterclaim against the Plaintiffs without prejudice, asserting that they are not the proper party to bring the counterclaim (Doc. 43).

**II.     ANALYSIS**

The Defendants are attempting to dismiss their counterclaim without prejudice pursuant to Federal Rule of Civil Procedure 41 (Doc. 43). However, before this Court determines whether such a dismissal is proper, it must decide if Federal Rule of Civil Procedure 15 should govern the motion instead. Rule 41 provides standards for the dismissal of actions, while Rule 15 covers amendments to pleadings. The Eleventh Circuit has stated that Rule 41 allows "a plaintiff[1] to dismiss all of his claims against a particular defendant," but does not permit "plaintiffs to pick and choose, dismissing only particular claims within an action." Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1106 (11th Cir. 2004). Plaintiffs that want to dismiss particular claims within a multi-claim action "should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." Id.

The Defendants are attempting to dismiss all of their claims against the Plaintiffs. Therefore, Rule 41 applies because the Defendants are not attempting to dismiss a particular claim within a multi-claim action. Rule 41 states that a "plaintiff may dismiss an action without a court order by filing" either "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "(ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii). If neither of these options is available, then a plaintiff may dismiss an action only by court order "on terms that

---

[1] Rule 41 also applies to any "counterclaim, crossclaim, or third-party claim." Fed. R. Civ. P. 41(c).

2

the court considers proper." Fed. R. Civ. P. 41(a)(2). Hence, the Defendants' motion to dismiss their counterclaim against the Plaintiffs without prejudice has to be granted, if at all, by court order since no stipulation of the parties has been filed, and the Plaintiffs have already answered the Defendants' counterclaim (Doc. 11).

In determining whether it would be proper to dismiss a claim without prejudice, a district court "enjoys broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2)." Pontenberg v. Boston Scientific Corp., 252 F.3d 1253, 1255 (11th Cir. 2001). In fact, "in most cases a dismissal [without prejudice] should be granted unless the defendant will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856-57 (11th Cir. 1986) (emphasis in original). To determine if there would be legal prejudice, courts must ask whether "the defendant [would] lose any substantial right by the dismissal." Pontenberg, 252 F.3d at 1255 (quoting Durham v. Florida E. Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967)).

In their response to the Defendants' motion, the Plaintiffs assert no reason as to why they would suffer a loss of any substantial right as a result of the motion to dismiss being granted without prejudice (Doc. 45). Moreover, the Court cannot imagine a scenario in which the Plaintiffs would suffer legal prejudice, especially in light of Eleventh Circuit's jurisprudence in this area. *See* Pontenberg, 252 F.3d at 1256 (stating that neither "the fact that the litigation has

3

proceeded to the summary judgment stage nor the fact that the plaintiff's attorney has been negligent in prosecuting the case, alone or together, conclusively or per se establishes plain legal prejudice requiring the denial of a motion to dismiss"). Discovery in this case has not concluded and the Plaintiffs' claims against the Defendants will remain pending despite the dismissal of the counterclaim. Therefore, the Court does not foresee the loss of any substantial right by the Plaintiffs as a result of dismissing the Defendants' counterclaim without prejudice.

## III. CONCLUSION

For the reasons discussed above, the Defendants' motion to dismiss their counterclaim against the Plaintiffs without prejudice (Doc. 43) is granted.

**SO ORDERED**, this the ___ day of March, 2011.

_____
**HUGH LAWSON, SENIOR JUDGE**

rms